**Charles E. COCHERL, Libelant,**

v.

**STATE OF ALASKA, Respondent.**

**No. A-70-64.**

United States District Court
D. Alaska.

Oct. 21, 1965.

Arthur D. Talbot, Anchorage, Alaska, for libelant.

David H. Thorsness, of Hughes, Thorsness & Lowe, Anchorage, Alaska, for respondent.

PLUMMER, District Judge.

Libelant, Charles E. Cocherl, brought this action to recover for personal injuries sustained on June 11, 1963, while

employed as a seaman on the m/v TAKU. The TAKU is a vessel owned by respondent, the State of Alaska, and is engaged as a common carrier in interstate commerce on navigable waters of the United States. Libelant's claim is predicated on the unseaworthiness of the vessel and the negligence of respondent. It is brought under the general maritime laws of the United States and also under 41 Stat. 1007, 46 U.S.C.A. § 688, commonly known as the Jones Act.[1] This act extends to seamen the benefit of the Federal Employers' Liability Act, 45 U.S.C.A. § 51.[2]

Respondent has filed exceptions and exceptive allegations to the amended libel, contending that this court is without jurisdiction because the State of Alaska is immune from suit under the Eleventh Amendment to the Constitution of the United States except as waived by state statute. Respondent also contends that if it has waived its immunity, it has done so only to an action at law.

Libelant contends that respondent, by operating as a common carrier in interstate commerce on navigable waters, has waived its immunity to suit under the Jones Act.

 The question presented for determination is whether under the facts of this case, the State of Alaska is immune from suit under the Jones Act.

Respondent relies upon the well established doctrine of sovereign immunity of the states under the Eleventh Amendment to the Constitution of the United States in any suit in law or in equity.[3] This doctrine extends to citizens of the same state as the state claiming immunity. Hans v. State of Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1889); DeLong Corp. v. Oregon State Highway Comm., 233 F.Supp. 7 (D.Ore.1964).

In opposing respondent's claim of immunity, libelant relies principally upon Petty v. Tennessee-Missouri Bridge Comm., 359 U.S. 275, 79 S.Ct. 785, 3 L. Ed.2d 804 (1959) and Parden v. Terminal R. Co. of Alabama, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964).

In Petty the Court held that by entering into and acting under an interstate compact after its approval by Congress, the states involved had waived their sovereign immunity. While Petty is factually distinguishable from the present case the Court there stated:

"Finally we can find no more reason for excepting state or bi-state corporations from 'employer' as used in the Jones Act than we could for excepting them either from the Safety Appliance Act [45 U.S.C.A. § 1 et seq.] (United States v. [State of] California, 297 U.S. 175, 56 S. Ct. 421, 80 L.Ed. 567) or the Railway Labor Act [45 U.S.C.A. § 151 et seq.] ( [State of] California v. Taylor, 353 U.S. 553 [77 S.Ct. 1037, 1 L.Ed.2d 1034] ). In the latter case we reviewed at length federal legislation governing employer-employee relationships and said, 'When Congress wished to exclude state employees, it expressly so provided.' 353 U.S., at 564 [77 S.Ct. 1037, at 1044]. The Jones Act (46 U.S.C.

---

1. 46 U.S.C.A. § 688 (the Jones Act) provides in part:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in case of personal injury to railway employees shall apply; * * * *"

2. 45 U.S.C.A. § 51 (the Federal Employers' Liability Act) provides in part:

"Every common carrier by railroad * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, * * * *"

3. The Eleventh Amendment to the Constitution of the United States provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

# 330

§ 688 [46 U.S.C.A. § 688]) has no exceptions from the broad sweep of the words 'Any seaman who shall suffer personal injury in the course of his employment may' etc. The rationale of United States v. [State of] California, supra, and [State of] California v. Taylor, supra, makes it impossible for us to mark a distinction here and hold that this bi-state agency is not an employer under the Jones Act."

In Parden the Court held that the operation of a common carrier railroad in interstate commerce by a state constituted a waiver of its sovereign immunity and consent to a suit brought in a federal court by employees of the railroad under the Federal Employers' Liability Act. In so holding the Court stated:

"The broad principle of the Petty case is thus applicable here: Where a State's consent to suit is alleged to arise from an act not wholly within its own sphere of authority but within a sphere—whether it be interstate compacts or interstate commerce—subject to the constitutional power of the Federal Government, the question whether the State's act constitutes the alleged consent is one of federal law. Here, as in Petty, the States by venturing into the congressional realm 'assume the conditions that Congress under the Constitution attached.' 359 U.S., at 281–282 [79 S.Ct., at 790]."

The policy behind Parden is identical with the policy supporting the same result in the case at bar. This policy is the safety and efficiency of employees in interstate commerce based on the concern for the efficiency of interstate commerce itself.

The factual situation, the construction of the Jones Act and the identity of policy behind a waiver of immunity under the Federal Employers' Liability Act and the Jones Act prompt the court to adopt as controlling in this case the rationale of the Supreme Court in its decision in Parden.

The Jones Act passes on to seamen all the modifications and extensions of common law rights and remedies made under statutes of the United States dealing with personal injuries to railway employees. The Arizona v. Anelich, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075 (1936). It left untouched old admiralty remedies for injured seamen and added a cause of action sounding in negligence. Its literal language, and that of the Federal Employers' Liability Act incorporated into it, all indicate the Jones Act is a negligence statute and that damages may be recovered only for negligence. De Zon v. American President Lines, 318 U.S. 660, 63 S.Ct. 814, 87 L.Ed. 1065 (1943); Jamison v. Encarnacion, 281 U.S. 635, 50 S.Ct. 440, 74 L.Ed. 1082 (1930); Sims v. Marine Catering Service, Inc., 217 F.Supp. 511 (D.La.1963).

While holding that respondent, by its actions, has consented to a suit under the Jones Act, the court concludes that this consent does not extend to a claim based on general maritime law in unseaworthiness.

Respondent's exceptions are denied as to libelant's claim under the Jones Act and sustained as to his claim based on unseaworthiness.