Harold E. METZ and Shirley
Metz, Plaintiffs,

v.

The STATE OF WASHINGTON, DE-
PARTMENT OF TRANSPORTATION,
DIVISION OF FERRIES, Defendant.

No. C82–127B.

United States District Court,
W.D. Washington,
at Seattle.

Oct. 26, 1982.

J. Porter Kelley, Seattle, Wash., for
plaintiffs.

Philip G. Hubbard, Seattle, Wash., for
defendant.

## ORDER DENYING MOTION
## TO DISMISS

BEEKS, Senior District Judge.

Plaintiff, Harold Metz, was employed by
defendant, Washington State Ferries, as a
licensed seaman on the state ferry M/V
KLAHOWYA. In the early morning hours
of April 18, 1981, plaintiff fell from a par-
tially raised loading ramp onto the vessel's
deck and injured his head. At the time of
the accident, the KLAHOWYA was en-
gaged in the carriage of goods and passen-
gers on the navigable waters of Puget
Sound. Asserting jurisdiction under 28
U.S.C. § 1333(1) (1976), plaintiffs sued de-
fendant for wages, maintenance and cure,
and damages for personal injuries. Subse-
quently, plaintiffs amended their complaint
to state a claim under the Jones Act, 46
U.S.C. § 688 (1976). In the interim defend-
ant filed a motion to dismiss pursuant to
Fed.R.Civ.P. 12(b)(2).

Defendant claims that plaintiffs' ac-
tion is barred by the doctrine of sovereign
immunity as found in the Eleventh Amend-
ment. The Eleventh Amendment provides:

**18**

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Even though the Eleventh Amendment does not expressly prohibit suits against the state by its own citizens, the Supreme Court has extended the amendment's grant of immunity to include immunity from federal suits brought by a state's own citizens. *Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *Montana v. Peretti,* 661 F.2d 756, 758 (9th Cir.1982). The amendment has also been construed to bar a suit in admiralty when brought against the state. *Ex Parte State of New York (I),* 256 U.S. 490, 497–98, 41 S.Ct. 588, 589–90, 65 L.Ed. 1057 (1921); *Riggle v. California,* 577 F.2d 579, 582 (9th Cir.1978). However, a state may consent to suit against it in federal court by effecting a waiver of its Eleventh Amendment immunity. *Florida Department of State v. Treasure Salvors, Inc.,* —— U.S. ——, ——, 102 S.Ct. 3304, 3314, 73 L.Ed.2d 1057 (1982); *Parden v. Terminal Ry.,* 377 U.S. 184, 186, 84 S.Ct. 1207, 1209, 12 L.Ed.2d 233 (1964); *Riggle v. California,* 577 F.2d at 582. Accordingly, unless the State of Washington has waived the immunity conferred by the Eleventh Amendment, plaintiffs' action is barred.

Both parties assert that Wash. Rev.Code § 47.60.210 (1970) is dispositive of the issue. Section 47.60.210 provides:

The state consents to suits against the authority by seamen for injuries occurring upon vessels of the authority in accordance with the provisions of section 688, title 46, of the United States code. The venue of such actions may be in the superior court for Thurston county or the county where the injury occurred.

Plaintiffs maintain that by enacting § 47.60.210, Washington expressly consented to suit in federal court and thereby waived its Eleventh Amendment immunity. As stated, § 47.60.210 expressly adopted the provisions of 46 U.S.C. § 688 and enabled a seaman to bring a Jones Act claim for injuries suffered aboard a Washington state ferry.

The Jones Act provides:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in the case of the death of any seaman as a result of any such personal injury the personal representative of seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such cases shall be under the court of the district in which defendant employer resides or in which his principal office is located.

46 U.S.C. § 688. The Jones Act extends to seamen the benefits of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (1976). In so doing, the Jones Act left untouched the old admiralty remedies existing for injured seamen and created a cause of action for negligence. *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 546–47, 80 S.Ct. 926, 930–31, 4 L.Ed.2d 941 (1960); *Cook v. Ross Island Sand & Gravel Co.,* 626 F.2d 746, 748 (9th Cir.1980); *Cocherl v. Alaska,* 246 F.Supp. 328, 330 (D.Alaska 1965). Under the Jones Act, a seaman may sue either in federal or state court. It must be presumed that the Washington legislature was aware of the above provisions where it incorporated the Jones Act into the Washington code.

Defendant submits § 47.60.210 clearly effects a limited waiver of sovereign immunity and permits actions to be commenced only in state court. Although the statute does set forth the venue for state court actions, it does not, nor could it, limit those

actions to a state forum. *See generally, Gross v. Washington State Ferries,* 59 Wash.2d 241, 248, 367 P.2d 600, 604 (1961).

By enacting § 47.60.210, the State of Washington adopted the Jones Act and consented to suit in either state or federal court thereby waiving its Eleventh Amendment immunity. The express language and textual implications of the statute leave no room for any other reasonable construction. *See Edelman v. Jordan,* 515 U.S. at 673, 94 S.Ct. at 1361; *Montana v. Peretti,* 661 F.2d at 758. Accordingly, defendant's motion as it pertains to plaintiffs' Jones Act claim is denied.

■ There remain plaintiffs' claims for unseaworthiness, maintenance and cure, unpaid wages, and loss of society. When the state embarked upon its ferry operations it assumed all the rights and liabilities of a common carrier. Wash.Rev.Code § 47.60.-220 (1970).[1] As a common carrier, the state expressly consented to comply with all applicable federal rules, regulations and laws. *Id.* Not only are the state ferries subject to federal inspection by the United States Coast Guard, but their crews and officers are also licensed by the United States Coast Guard. The ferries operate upon the navigable waters of the United States and engage in international commerce between the United States and Canada. Hence, the state has waived any statutory immunity to which it was entitled.

■ Finally, sovereign immunity has been abrogated in the State of Washington. Wash.Rev.Code § 4.92.090 (Supp.1982). Section 4.92.090 provides:

The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation.

The Washington Supreme Court has recognized that in enacting the above provision, the legislature made the state and its subdivisions liable to the same extent as if they were a private person or corporation. *Hall v. Niemer,* 97 Wash.2d 574, 581, 649 P.2d 98, 102 (1982). Although a state may waive immunity from suit in its own courts without thereby waiving its Eleventh Amendment immunity from suit in federal court, *Riggle v. California,* 577 F.2d at 585, Washington has expressly subjected itself to federal law by enacting Wash.Rev.Code §§ 47.-60.220 and 47.60.210, thus waiving its Eleventh Amendment immunity. The motion to dismiss is denied.

---

1. Wash.Rev.Code § 47.60.220 (1970) provides:
    The authority shall have all the obligations, duties and rights of a common carrier of persons and property in its operation of ferries, terminals or other facilities used in its ferry operations, including the right to participate in joint rates and through routes, agreements, and divisions of through and joint rates with railroads and other common carriers and the right to make any filings with the interstate commerce commission, the United States maritime commission or any other state or federal regulatory or governmental body and to comply with the lawful rules and regulations and requirements of any such body, and shall be subject to laws relating to carrier's liability for loss or damage to property transported, and for personal injury or death of persons transported.