**Douglas James SCANLON, Plaintiff-Appellant,**

v.

**ATASCADERO STATE HOSPITAL and California Department of Mental Health, Defendants-Appellees.**

No. 80–5201.

United States Court of Appeals, Ninth Circuit.

Argued Sept. 15, 1981.

Submitted Oct. 15, 1981.

Decided May 24, 1982, 677 F.2d 1271.

Certiorari Granted; Vacated and Remanded March 19, 1984.

S.C. No. 82–5812, 104 S.Ct. 1583, 80 L.Ed.2d 117.

Decided June 13, 1984.

Marilyn Holle, Western Law Center for the Handicapped, Los Angeles, Cal., for plaintiff-appellant.

James E. Ryan, Deputy Atty. Gen., Los Angeles, Cal., for defendants-appellees; Prudence Kay Poppink, Employment Law Center, San Francisco, Cal., on brief.

Before DUNIWAY and FERGUSON, Circuit Judges and KELLAM,* District Judge.

DUNIWAY, Circuit Judge:

We consider for the second time Scanlon's claim of employment discrimination against the handicapped under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The district court dismissed the action on the ground of state immunity under the Eleventh Amendment. We reverse.

## I. BACKGROUND.

Scanlon alleged that he suffers from diabetes mellitus and lack of vision in one eye, that California's Atascadero State Hospital denied him a job as a graduate student assistant, and that this was discrimination in employment violating the Act. The state received federal financial assistance for the hospital under the Act. The defendants moved to dismiss on two grounds: (1) that

§ 794 does not apply to employment discrimination unless a primary objective of the federal financial assistance is to provide employment, and (2) that the Eleventh Amendment barred Scanlon's federal claim. The district court dismissed on the Eleventh Amendment ground. We affirmed the dismissal, but on the ground that there can be no private claim for relief under § 794 unless a primary objective of the federal financial assistance is to provide employment. *Scanlon v. Atascadero State Hospital*, 9 Cir., 1982, 677 F.2d 1271, 1272. The Supreme Court, —— U.S. ——, 104 S.Ct. 1583, 80 L.Ed.2d 117, granted certiorari, vacated our judgment, and remanded for further consideration in the light of *Consolidated Rail Corporation v. Darrone*, 1984, —— U.S. ——, 104 S.Ct. 1248, 79 L.Ed.2d 568. *Scanlon v. Atascadero State Hospital*, 1984, —— U.S. ——, 104 S.Ct. 1583, 80 L.Ed.2d 117. *Consolidated Rail* is squarely in point on the § 794 question, and is contrary to our previous opinion.

We did not reach the Eleventh Amendment question in our opinion, 677 F.2d at 1272, but must do so now. *Consolidated Rail* did not touch on the issue of state immunity. No state or state agency was a defendant there.

## II. STATE IMMUNITY UNDER THE ELEVENTH AMENDMENT.

Section 794 of the Rehabilitation Act broadly bars "discrimination under any program or activity receiving federal financial assistance ..." and § 794a(a)(2) provides remedies, procedures, and rights against "any recipient of Federal assistance...." The Act contains extensive provisions under which states are the express intended recipients of federal assistance. *E.g.*, § 720 *et seq.* *Accord* 45 C.F.R. § 84.3(f) (implementing regulations broadly define "recipient" to include "any state or its political subdivision"). If states receive federal assistance under the statute, they plainly fall within the defined class of potential defendants.

---

* The Honorable Richard B. Kellam, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

The Eleventh Amendment of the United States Constitution broadly bars federal court actions by private parties, including actions by parties who are citizens of the state, against states and state agencies. *See generally Pennhurst State School and Hospital v. Halderman,* 1984, —— U.S. ——, ——————, 104 S.Ct. 900, 906–08, 79 L.Ed.2d 67 (1984).

Section 5 of the Fourteenth Amendment gives Congress "power to enforce [its provisions] by appropriate legislation." The question is whether Congress has done so in the Act that we are considering, where consent of the state can be inferred. We conclude that it has.

This is not a case in which the Act expressly provides for state liability, as some statutes do. *See, e.g., Fitzpatrick v. Bitzer,* 1976, 427 U.S. 445, 447, 96 S.Ct. 2666, 2667, 49 L.Ed.2d 614. Nor is this a case in which the legislative history makes it clear that Congress intended to make states liable, regardless of their consent. *See, e.g., Hutto v. Finney,* 1978, 437 U.S. 678, 693–94, 98 S.Ct. 2565, 2574–75, 57 L.Ed.2d 522.

Rather, this is a case in which a "congressional enactment . . . by its terms authorized suit by designated plaintiffs against a general class of defendants which literally included States or state instrumentalities," and "the State by its participation in the program authorized by Congress had in effect consented to the abrogation of that immunity." *Edelman v. Jordan,* 1974, 415 U.S. 651, 672, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662. *Edelman* was not such a case because "the threshold fact of congressional authorization to sue a class of defendants which literally includes states [was] wholly absent." *Id.*

Other decisions of the Supreme Court apply the principle. *Petty v. Tennessee-Missouri Bridge Commission,* 1959, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804, was an action under the Jones Act, 46 U.S.C. § 688 *et seq.,* which authorized personal injury actions by any seaman against his employer. *Id.* § 688. The states operated ferryboats under a compact to which Congress consented with a proviso that, the

Court held, created a waiver of Eleventh Amendment immunity. In *Parden v. Terminal Railway of the Alabama State Docks Department,* 1964, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233, the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.,* provided that "*Every* common carrier by railroad . . . shall be liable in damages. . . ." *Id.* § 51 (emphasis added). Under this broad statutory definition of potential defendants, a state's subsequent voluntary operation of a railroad constituted consent to suit.

We have recently decided two cases in which we applied the same principle. In *Mills Music, Inc. v. State of Arizona,* 9 Cir., 1979, 591 F.2d 1278, 1283–85, the federal statute, the old Copyright Act, former 17 U.S.C. § 1 *et seq.,* provided broadly that "*any* person . . . shall be liable. . . ." *Id.* § 101 (emphasis added) (compare present 17 U.S.C. § 50(a): "Anyone who violates . . ."). We held that the state agency, by using a copyrighted song to promote a state fair, voluntarily engaged in regulated activity and thus waived its Eleventh Amendment immunity. In *Department of Education, State of Hawaii v. Katherine D.,* 9 Cir., 1984, 727 F.2d 809, 818–19, the Education for All Handicapped Children Act, 20 U.S.C. § 1401 *et seq.,* a statute often associated with the Rehabilitation Act, provided a broad private right of action, *id.* § 1415(e)(2), in a context where state agencies would "inevitably" be parties to any dispute. We held that the state agency, by applying for and receiving federal funds under *id.* § 1412, waived its Eleventh Amendment immunity and consented to suit.

Scanlon expressly alleged that Atascadero State Hospital is a recipient of federal financial assistance under the Rehabilitation Act, *see* Complaint ¶ 4 [ER 3], and in reviewing the dismissal of his action we must assume this to be the case.

We decline to follow cases holding that the Eleventh Amendment bars actions against states under § 794, such as *Ciampa v. Massachusetts Rehabilitation Commission,* 1 Cir., 1983, 718 F.2d 1, 3–4, and *Miener v. State of Missouri,* 8 Cir., 1982, 673 F.2d 969, 979–980–82. We disagree

with those cases' reliance on *Edelman* and *Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association,* 1981, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132, in holding that state acceptance of Rehabilitation Act funds does not waive Eleventh Amendment immunity with respect to suit under § 794. As we have seen (p. 361) *supra, Edelman* itself distinguishes a case like this one. 415 U.S. at 672, 94 S.Ct. at 1360. *Florida Dep't of Health* is similar to *Edelman.* 450 U.S. at 150, 101 S.Ct. at 1034. In this case, there is more than the "mere fact" of state participation and, as we have shown, a different standard of waiver applies. *See Katherine D.,* 727 F.2d at 819.

We conclude that the Eleventh Amendment does not bar Scanlon's action because the state, if it has participated in and received funds from programs under the Rehabilitation Act, has implicitly consented to be sued as a recipient under 29 U.S.C. § 794.

The judgment is reversed and the action is remanded to the trial court for further proceedings consistent with this opinion.