### Mario MICOMONACO and Mary Micomonaco, husband and wife, Plaintiffs–Appellants,

v.

### STATE OF WASHINGTON; Department of Transportation; Marine Division; and M/V Evergreen State Ferry, Defendants–Appellees.

No. 93–36084.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1994.

Decided Jan. 18, 1995.

Nicholas F. Corning, Treece, Richdale, Malone, Corning & Abbott, P.S., Seattle, WA, for plaintiffs/appellants.

Christine O. Gregoire, Atty. Gen., and Michael A. Nicefaro, Jr., Asst. Atty. Gen., Office of the Attorney General, Seattle, WA, for defendants/appellees.

Before BEEZER and FERNANDEZ, Circuit Judges, and ORRICK,* Senior District Judge.

ORRICK, Senior District Judge:

Plaintiffs, Mario Micomonaco and his wife Mary Micomonaco ("Micomonacos") brought this suit against the State of Washington ("Washington") after Mario Micomonaco incurred injuries while working on a state-owned ferry. The district court granted Washington's motion to dismiss for lack of jurisdiction based on the Eleventh Amendment to the Constitution of the United States. The Micomonacos appeal this ruling or, in the alternative, move the court to certify the question whether Washington's statutory scheme waives its Eleventh Amendment immunity from suits based on the Jones Act to the Supreme Court of Washington. We affirm the district court and deny the motion to certify the question.

## I.

At the time the accident occurred, Mario Micomonaco was a seaman employed by the Washington State Ferry System. He alleged that he sustained injuries while working aboard the M/V Evergreen State, which was in drydock for periodic repairs. He alleges his supervisor ordered him to paint portions of the overhead ceiling in a generator room and that, because he was improperly instructed and was provided with inadequate equipment to complete the assignment, he fell, sustaining painful and permanent injuries.

Micomonaco alleged causes of action for negligence and unseaworthiness and his wife claimed damages due to loss of consortium. Washington answered the complaint, asserting its immunity from suit in federal court under the Eleventh Amendment and moved to dismiss for lack of jurisdiction. The district court granted the motion, holding that section 47.60.210 of the Revised Code of Washington does not expressly waive Washington's Eleventh Amendment immunity from suit in federal court, despite the incor-

---

* Honorable William H. Orrick, Senior United States District Judge for the Northern District of California, sitting by designation.

poration of the Jones Act.[1]  46 U.S.C.App. § 688 (1994).  The Micomonacos timely appealed to this court.

## II.

Whether a state is immune from suit under the Eleventh Amendment is a question of law and is reviewed *de novo.  BV Eng'g v. University of Cal., Los Angeles,* 858 F.2d 1394, 1395 (9th Cir.1988), *cert. denied,* 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 859 (1989).

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  The Supreme Court has held that the Eleventh Amendment bars a citizen from bringing a suit against his own state in federal court.  *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).  The Micomonacos are citizens of Washington and, therefore, unless their case falls into one of the exceptions to the Eleventh Amendment bar, the action was properly dismissed.

There are two "well-established" exceptions to the Eleventh Amendment protection from suit.  *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985).  Congress can abrogate the Eleventh Amendment without the consent of the states in certain instances or a state may waive its immunity by consenting to suit in federal court.  *Id.; see also Welch v. Texas Dept. of Highways & Pub. Transp.,* 483 U.S. 468, 473–74, 107 S.Ct. 2941, 2945–46, 97 L.Ed.2d 389 (1987) (recognizing two exceptions to Eleventh Amendment bar).

By legislation, Congress may require states to withstand suit in federal court.  *See, e.g., Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976) (congressional legislation pursuant to section 5 of the Fourteenth Amendment to the United States Constitution can authorize suits directly against the states in federal court).  The Supreme Court has specifically held, however, that Congress did not abrogate Eleventh Amendment immunity when it enacted the Jones Act because it did not express its intention to do so in unmistakable statutory language.  *Welch,* 483 U.S. at 475, 107 S.Ct. at 2946.  Therefore, the Micomonacos may not proceed under a theory of congressional abrogation.  Accordingly, the issue before this court is limited to whether Washington waived its immunity to suit when it incorporated the Jones Act into the state statutory scheme to provide seamen with the ability to bring an action in tort.  *See* Wash. Rev.Code § 47.60.210 (1986).

Waiver of Eleventh Amendment immunity by a state will be found "only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction."  *Atascadero,* 473 U.S. at 239–40, 105 S.Ct. at 3146 (quoting *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974)) (internal quotation marks omitted).  Further, in order for a state statute to constitute waiver of Eleventh Amendment immunity, the statute at issue must specify the state's intention to be sued in *federal court,* because the state has a constitutional interest in *where* it may be sued.  *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146; *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984).

We held in *Collins v. Alaska,* 823 F.2d 329, 331–32 (9th Cir.1987), that waiver of Eleventh Amendment immunity will be found only where (1) the state expressly consents, (2) a state statute or constitution so provides, or (3) Congress clearly intended to condition the state's participation in a program or activity on the state's waiver of immunity.  In the case at bar, only the second prong of the *Collins* test is at issue because Washington has not consented to this suit, and because this action does not involve Washington's participation in a federal program.

---

1.  The Jones Act gives a seaman who suffers a personal injury in the course of his employment the right to maintain an action for damages at law.

The Micomonacos argue that Washington expressly waived its Eleventh Amendment immunity[2] with respect to Jones Act claims when it enacted section 47.60.210, which provides:

> The state consents to suits against the department by seamen for injuries occurring upon vessels of the department in accordance with the provisions of section 688, title 46, of the United States code. The venue of such actions may be in the superior court for Thurston county or the county where the injury occurred.

Wash.Rev.Code § 47.60.210 (1986).[3] The Jones Act provides in part:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. *Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.*

46 U.S.C.App. § 688(a) (emphasis added). The Micomonacos argue that Washington expressly waived its Eleventh Amendment immunity by incorporating the Jones Act, because the Act vests jurisdiction in the federal district court in which the defendant employer resides or maintains its principal office.

To support their contention that Washington has waived its immunity under the stringent *Atascadero* test, the Micomonacos argue that the court should adopt the reasoning of *Metz v. Washington,* 558 F.Supp. 17 (W.D.Wash.1982). In that case, Judge Beeks held that section 47.60.210 waived Washington's Eleventh Amendment immunity:

> Under the Jones Act, a seaman may sue either in federal or state court. It must be presumed that the Washington legislature was aware of the above provisions where it incorporated the Jones Act into the Washington code.
>
> Defendant submits § 47.60.210 clearly effects a limited waiver of sovereign immunity and permits actions to be commenced only in state court. *Although the statute does set forth the venue for state court actions, it does not, nor could it, limit those actions to a state forum.*
>
> By enacting § 47.60.210, the State of Washington adopted the Jones Act and consented to suit in either state or federal court thereby waiving its Eleventh Amendment immunity. The express language and textual implications of the statute leave no room for any other reasonable construction.

*Id.* 558 F.Supp. at 18–19 (citations omitted) (emphasis added).

*Metz* was decided prior to *Welch* and in *Welch,* the Supreme Court held that Con-

---

2. Washington has generally waived its sovereign immunity:

> The State of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation.

Wash.Rev.Code § 4.92.090 (1988). The Micomonacos acknowledge, however, that this general waiver of sovereign immunity only allows suits in state court; it does not waive immunity guaranteed by the Eleventh Amendment. *Atascadero,* 473 U.S. at 241, 105 S.Ct. at 3146 (California's general waiver of sovereign immunity does not waive Eleventh Amendment immunity).

3. The Micomonacos also argue that section 47.60.220 of the Revised Code of Washington is at issue this case. Section 47.60.220 provides in part:

> The department has all the obligations, duties, and rights of a common carrier of persons and property in its operation of ferries, terminals, or other facilities used in its ferry operations ... and is subject to laws relating to carrier's liability for loss or damage to property transported, and for personal injury or death of persons transported.

Wash.Rev.Code § 47.60.220 (1986). This provision, however, does not help the Micomonacos because there is no indication whatsoever that it waives Washington's immunity to suit.

gress *did not* abrogate Eleventh Amendment immunity in enacting the Jones Act because it did not express its intention to do so in unmistakable statutory language. 483 U.S. at 475, 107 S.Ct. at 2946. Judge Beeks, however, appears to have based his holding in part on the belief that Congress abrogated Eleventh Amendment immunity in enacting the Jones Act. *Metz*, 558 F.Supp. at 18–19 (concluding that Washington could not limit Jones Act actions authorized under section 47.60.210 to a state forum). This court may not properly rely on *Metz* because subsequent Supreme Court authority has undermined its reasoning.

■ The question before us is whether Washington has waived its immunity "by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Atascadero*, 473 U.S. at 239–40, 105 S.Ct. at 3146. Waiver will be found only where the state gives an "unequivocal indication" that it consents to suit in federal court. *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 873 (9th Cir.1987). Waiver will not be inferred lightly. *Guzman v. Van Demark*, 651 F.Supp. 1180, 1183 (C.D.Cal.1987). The *Atascadero* test is "so stringent that it is quite unlikely that very many explicit state waivers of Eleventh Amendment immunity will be found." Erwin Chemerinsky, *Federal Jurisdiction* § 7.6 at 358 (1989).

■ Judging from the plain language of section 47.60.210, Washington did not waive its Eleventh Amendment immunity in enacting that provision. The Micomonacos argue to the contrary, stating that when Washington incorporated the Jones Act, it incorporated the Act's jurisdiction clause. The language of section 47.60.210, however, simply does not meet the stringent dictates of *Atascadero*.

■ First, the "jurisdiction" clause in the Jones Act ("Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located") has been construed to be a *venue* clause. The Supreme Court, in interpreting this clause, held that the provision was not intended to affect the general jurisdiction of the district courts, but only to prescribe the venue for actions brought under the Act. *Panama R.R. v. Johnson*, 264 U.S. 375, 385, 44 S.Ct. 391, 393, 68 L.Ed. 748 (1924). The Court said that the use of the word "jurisdiction" in the statute is not significant. *Id.* The clause incorporates the general venue provision of 28 U.S.C. § 1391(c). *See DeMateos v. Texaco, Inc.*, 562 F.2d 895, 899 (3d Cir.1977), *cert. denied*, 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 494 (1978).

In contrast, the final sentence of section 47.60.210 assigns the proper venue for suits brought under the provision in *state* courts ("The venue of such actions may be in the superior court for Thurston County or the county where the injury occurred"). The fact that the Jones Act jurisdictional provision has been construed to be a venue provision, coupled with the fact that section 47.60.210 contains a conflicting venue provision, leads us to the conclusion that Washington has not expressly waived its Eleventh Amendment immunity.[4] The reference in section 47.60.210 to the Jones Act, in and of itself, does not create an "overwhelming implication from the text" that Washington consented to be sued in federal court. Therefore, we affirm the district court's dismissal

---

**4.** The statute in this case directly contrasts with the statute at issue in *Port Authority Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990). In *Port Authority*, the Supreme Court found that a statutory venue provision waived the Eleventh Amendment immunity of the Port Authority, because it expressly indicated that "venue ... shall be laid within a county or judicial district, *established by one of said States or by the United States*, and situated wholly or partially within the Port of New York District." *Id.* at 307, 110 S.Ct. at 1873 (quoting N.J.Stat.Ann. § 32:1–162 (West 1963); N.Y.Unconsol.Laws § 7106 (McKinney 1979)) (internal quotation marks omitted) (emphasis added). The Court found that this venue provision constituted persuasive textual evidence that the Port Authority consented to suits in federal court, because there is no other reasonable construction of the statute. *Id.* at 308, 110 S.Ct. at 1874. The venue clause in section 47.60.210, on the other hand, reasonably can be construed to limit actions to state courts.

of the action.[5]

### III.

The Micomonacos alternatively move the court to certify the question at issue in this case to the Supreme Court of Washington in accordance with certification procedures codified by Washington. Wash.Rev.Code § 2.60.010–2.60.900. The question to be certified would be whether Washington waived its immunity to suit "by the most express language or by such overwhelming implication from the text as [would] leave no room for any other reasonable construction," *Atascadero*, 473 U.S. at 239–40, 105 S.Ct. at 3146, in enacting section 47.60.210.

 Certification of questions of state law to the highest court of the state "provides a means to obtain authoritative answers to unclear questions of state law." *Toner v. Lederle Lab.*, 779 F.2d 1429, 1432 (9th Cir.1986). Use of the certification procedure in any given case "rests in the sound discretion of the federal court." *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974). Certification is not appropriate where the state court is in no better position than the federal court to interpret the state statute. *See Dorman v. Satti*, 862 F.2d 432, 436 (2d Cir.1988), *cert. denied*, 490 U.S. 1099, 109 S.Ct. 2450, 104 L.Ed.2d 1005 (1989).

This court has repeatedly applied the *Atascadero* test to determine whether a state has waived its Eleventh Amendment immunity. *See, e.g., BV Eng'g*, 858 F.2d 1394 (California copyright laws that recognize the state's obligation to pay copyright royalties do not waive Eleventh Amendment immunity); *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) (no waiver of Eleventh Amendment immunity under Idaho Tort Claims Act); *Collins*, 823 F.2d 329 (no waiver of Eleventh Amendment immunity under Alaska Tort Claims Act). Because the *Atascadero* test is an "objective" test, the Supreme Court of

Washington is in no better position than is this court to decide the question posed by this case. Therefore, the Micomonacos' motion for certification to the Supreme Court of Washington is denied.

The order of the district court granting Washington's motion to dismiss is AFFIRMED. The Micomonacos' motion to certify to the Supreme Court of Washington the question whether Washington's statutory scheme waived its Eleventh Amendment immunity to suits based on the Jones Act is DENIED.

---

**5.** Because we have concluded that the district court properly dismissed the complaint because Washington is immune from suit, we do not reach Washington's argument that the complaint does not state a cause of action under the Jones Act.