117 F.3d 1425
 11 NDLR P 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Worth HALE; Ivo SUTICH; Cheryl ELLISON; Gregory Michael
MYKETUK; Angela LOPEZ; Jonathan TULIN; MENTAL
HEALTH ASSOCIATION OF SAN FRANCISCO,
Plaintiffs-Appellees,
v.
S. Kimberly BELSHE, Director, California Department of
Health Services; Stephen MAYBERG, Director, California )
Department of Mental Health; Matthew FONG, Treasurer,
State) of California; Kathleen CONNELL, Controller, State
of California, Defendants-Appellants.
 No. 97-15177.
 United States Court of Appeals, Ninth Circuit.
 Decided July 3, 1997.
Argued and Submitted, June 9, 1997
 
 Before: GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs, on behalf of a putative class of individuals with psychiatric disabilities who are eligible for community-based mental health services, initiated this action against various state officials under the Medicaid Act, 42 U.S.C. § 1396a(a), the Nursing Home Reform Act ("NHRA"), 42 U.S.C. § 1396(r), and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, 12131-12134. Defendants Kimberly Belshe, Director of the California Department of Health Services, Stephen Mayberg, Director of the California Department of Mental Health, Matthew Fong, State Treasurer, and Kathleen Connell, State Controller (collectively, "officials"), claimed immunity from suit pursuant to the Eleventh Amendment. The district court denied their motion to dismiss, and the officials interlocutorily appeal. We have jurisdiction pursuant to the collateral order doctrine, see Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147 (1993), and we affirm.
 
 
 3
 We review the denial of the state officials' claim to sovereign immunity de novo, see Micomonaco v. Washington, 45 F.3d 316, 319 (9th Cir.1995), and we conclude that the exception to Eleventh Amendment immunity set forth in Ex Parte Young squarely applies. See Ex Parte Young, 209 U.S. 123, 160 (1908) (holding that an official acting illegally is stripped of his "official or representative character" and thus cannot invoke the State's Eleventh Amendment immunity); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1131 n. 14 (1996) ("[A]n individual can bring suit against a state officer in order to ensure that the officer's conduct is in compliance with federal law.").
 
 
 4
 The Young doctrine applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective." Idaho v. Coeur d'Alene Tribe of Idaho, No. 94-1474, 1997 WL 338603, at * 22 (U.S. June 23, 1997) (plurality opinion). Here, plaintiffs named individual state officials in their amended complaint, claimed that the officials failed to comply with federal statutes, and requested only declaratory and injunctive relief.
 
 
 5
 The officials' attempt to recast the relief that plaintiffs seek as impermissibly retrospective is unavailing. Plaintiffs request an injunction compelling state officials: (1) to provide rehabilitative mental health services to eligible Medi-Cal recipients; (2) to make screening determinations with respect to applicants to and residents of the skilled nursing facilities that serve as Institutions for Mental Disease; (3) to ensure that psychiatric disabilities are treated in the most integrated setting possible; and (4) to make services equally available to severely disabled individuals. Compliance with each of these terms will demand a substantial outlay of state funds, and the officials argue that plaintiffs' suit does not seek prospective relief because it is "specifically designed to impact and draw from the state treasury." We disagree.
 
 
 6
 That a remedy will require the expenditure of public funds does not render the requested relief retrospective. See Edelman v. Jordan, 415 U.S. 651, 668 (1974) ("[A]n ancillary effect on the state treasury is a permissible and often an inevitable consequence of the principle announced in Ex parte Young."); see also Papasan v. Allain, 478 U.S. 265, 278 (1986); Quern v. Jordan, 440 U.S. 332, 337 (1979). The Supreme Court has focused not on the source or scope of the funds required to effect relief, but on the distinction between retrospective and prospective remedies. See, e.g., Milliken v. Bradley, 433 U.S. 267, 290 (1977) ("That the programs are also 'compensatory' in nature does not change the fact that they are part of a plan that operates prospectively to bring about the delayed benefits of a unitary school system."). Here, plaintiffs do not demand any remuneration for the suffering caused by their institutionalization; they simply seek access to community services in the future. Accordingly, we conclude that the remedy plaintiffs seek is prospective relief and that the potential impact on the state treasury would be "ancillary" to an injunction to conform the officials' conduct to federal law.
 
 
 7
 In addition, the state officials maintain that the Young exception is limited to constitutional violations and does not extend to permit suits against state officials that turn on statutory claims. This argument is similarly without merit. The Ninth Circuit has clearly stated that Young applies to suits brought under federal statutes. See Natural Resources Def. Council v. California Dep't of Trans., 96 F.3d 420, 422 (9th Cir.1996) (stating that the Young exception "applies to violations of federal statutory rights" and permitting suit under the Clean Water Act); Almond Hill Sch. v. United States Dep't of Aqric., 768 F.2d 1030, 1034 (9th Cir.1985) ("The underlying purpose of Ex parte Young seems to require its application to claims against state officials for violations of federal statutes."). Moreover, the Supreme Court consistently has recognized Young actions to enforce statutory obligations. See Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 696-97 (1982); Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 698-99 (1949).
 
 
 8
 We are unpersuaded by the state officials' arguments against applying the Young exception to this action seeking a prospective remedy for an ongoing violation of federal law. Accordingly, we conclude that the state officials may not invoke Eleventh Amendment immunity, and we affirm the district court's decision to allow the plaintiffs to proceed with their suit in federal court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3