**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AHSAN MOHIUDDIN,

        Plaintiff-Appellant,

  v.

ROBERT J. HIGA, an individual and Judge
California Superior Court; STATE OF
CALIFORNIA,

        Defendants-Appellees.

No. 15-56018

D.C. No. 2:14-cv-03454-DDP-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

    Ahsan Mohiuddin appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging wrongdoing arising from an earlier

state court action. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

novo. *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995) (Eleventh Amendment immunity); *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990) (judicial immunity). We affirm.

The district court properly dismissed Mohiuddin's claims against the State of California on the basis of Eleventh Amendment immunity. *See Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) ("The Eleventh Amendment erects a general bar against federal lawsuits brought against a state."); *see also Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (Eleventh Amendment immunity applies regardless of the nature of relief sought).

The district court properly dismissed Mohiuddin's claims against Judge Higa on the basis of judicial immunity because the claims arose out of Judge Higa's judicial acts. *See Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) ("It is well established that state judges are entitled to absolute immunity for their judicial acts."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." (citation and internal quotation marks omitted)). We reject as without merit Mohiuddin's contentions that Judge Higa only answered the complaint in his official capacity.

The district court did not abuse its discretion by denying Mohiuddin's

motion to add CMRE Financial Services, Inc., as a defendant to the action because the amendment would not have cured the deficiencies identified in Mohiuddin's complaint. *See Ashelman*, 793 F.2d at 1078 (setting forth standard of review and noting that a motion to amend a complaint is properly denied where the proposed amendment could not overcome deficiencies identified by the court).

Mohiuddin's request for production of extra-record materials (Docket Entry No. 27) is denied.

**AFFIRMED.**

15-56018