CHOY, Circuit Judge:
Appellant is Fermin Castro-Nuno, a citizen of Mexico, alleged to have illegally entered the United States. He contests an order of the Immigration and Naturalization Service (INS) that he voluntarily depart from the United States or be deported. This Court has jurisdiction under 8 U.S.C. § 1105a(a), allowing for appeals from final decrees of the INS. We reverse.
FACTS
Castro-Nuno was employed as a gardener on the Van de Kamp estate in San Marino, California. On March 20, 1975, he was questioned by an INS agent who had entered the estate in pursuit of another per *578 son. Believing that Castro-Nuno was an illegal alien, the officer took him into custody. Later that same day, the INS, pursuant to section 242 of the Immigration and Naturalization Act, 8 U.S.C. § 1252, issued an order to show cause why Castro-Nuno should not be deported, a warrant for his arrest and detention, and a notice of the charges against him and his hearing date. It was alleged that Castro-Nuno was de-portable in that he had entered the United States without inspection at or near San Ysidro, California.[1]
On June 2, 1975, Castro-Nuno was brought before an immigration judge to determine whether he was deportable. At that time, he was represented by counsel. However, because the INS failed to present the arresting officer and the investigating officer who had questioned Castro-Nuno when he was originally brought to INS headquarters, the hearing was continued until July 9th.
On July 9th the hearing was reconvened and Castro-Nuno was again present and represented by counsel. Once again, however, the INS failed to present the INS officers and the hearing was continued. No transcript of the July 9th hearing was made a part of the record, and there is some question whether a new hearing date was set at that or some later time. In any event, the hearing was convened for the third time on July 15th. Although Castro-Nuno was again present, his counsel was not. In response to the immigration judge’s questions, Castro-Nuno replied that he was still represented by counsel, but that he did not know where his counsel was or why he was not present.
Despite the absence of Castro-Nuno’s retained counsel, the immigration judge proceeded with the hearing and allowed the INS to present the testimony of the arresting and investigating officers. Castro-Nuno did not question these witnesses. At the end of this hearing, the immigration judge found Castro-Nuno to be deportable, but allowed him to depart voluntarily from the United States.
Castro-Nuno, through his originally retained counsel, then appealed to the Board of Immigration Appeals. The Board found the immigration judge’s decision correct and dismissed the appeal. Castro-Nuno then petitioned this Court for review.
DISCUSSION
Castro-Nuno argues that he was denied the right to representation. We have held that in deportation proceedings there is no right to counsel under the sixth amendment. See Ramirez v. INS, 550 F.2d 560, 563 (9th Cir. 1977); Murgia-Melendrez v. INS, 407 F.2d 207, 209 (9th Cir. 1969). However, Congress has legislated such a right in sections 242(b) and 292 of the Immigration and Naturalization Act, 8 U.S.C. §§ 1252(b) & 1362. These statutes provide that an alien has the right to representation in a hearing on the question of deportability. Thus, Castro-Nuno had the statutory right to have counsel present to represent him in the hearings before the immigration judge. We must look to the record to determine whether Castro-Nuno was accorded his statutory right.[2]
At the hearing on July 15th, Castro-Nuno appeared without his counsel and although the immigration judge conceded that the failure of counsel to appear was not the *579 fault of Castro-Nuno, the judge made no attempt to ensure that the right to representation was preserved. The immigration judge neither reminded Castro-Nuno of his right to representation, nor inquired whether he wished a continuance to locate his counsel even though Castro-Nuno indicated that he had not dismissed his counsel. The failure of counsel to appear could not be interpreted as a delaying tactic. The two continuances previously granted were requested by the Government, and there was no indication of bad faith on the part of Castro-Nuno at this third hearing.
Moreover, Castro-Nuno’s counsel had shown his willingness to cooperate by being present at both prior hearings. The record indicates that Castro-Nuno relied heavily on his counsel and was not prepared to represent himself; in fact, he neither questioned the two INS witnesses nor presented any evidence on his own behalf.
Finally, it should have been apparent to the immigration judge from Castro-Nuno’s in-court statements that he desired to consult with his counsel.[3] Yet, the judge proceeded to make a final determination of deportability.
We hold that, under the circumstances of this case, the immigration judge’s actions amounted to an abuse of discretion. It is clear from the record that Castro-Nuno did not waive his statutory right to representation.[4] In the absence of such waiver, the immigration judge should have acted sua sponte to continue the hearing and give Castro-Nuno a chance to locate his counsel. Without a continuance to bring his counsel into the hearing, Castro-Nuno was effectively denied his statutory right of representation. The order of the INS that Castro-Nuno voluntarily depart or be deported from the United States is hereby reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.[5]

. Section 241(a)(2) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(a)(2), provides that:
(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who . (2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States .

. The regulations promulgated by the Attorney General pursuant to 8 U.S.C. § 1103(a) do not address the narrow issue in this appeal. While 8 C.F.R. § 242.13 deals with the granting of a continuance “to obtain representation” (emphasis added), this section does not cover situations where (1) counsel has already been obtained and (2) the alien did not specifically request a continuance. Therefore, we must turn to the statute itself.

. The following exchange took place after the INS had presented its witnesses and prior to the judge’s decision.
JUDGE: Mr. Castro is there anything else that you want to present with respect to this matter of your possibly being deportable from the United States?
CASTRO-NUNO: Mr. Manulkin [Castro-
Nuno’s attorney], I have to talk before Mr. Manulkin if you let me.
JUDGE: I didn’t understand that about Mr. Manulkin. What did you say?
CASTRO-NUNO: I would like to talk with Mr. Manulkin before answer another more question.
JUDGE: You don’t have to answer any more questions, except one more. If you are ordered deportable from the United States, to which country would you want to be sent?

. An alien may waive his right to representation and the ensuing hearing will be valid. Velasquez Espinosa v. INS, 404 F.2d 544, 546 (9th Cir. 1968).

. In light of this holding, it is unnecessary for us to reach Castro-Nuno’s other contentions.