650 F.2d 205
 Ruth MARKOWITZ, Individually; and David Lee Markowitz, a
minor, by his next friend and mother, Ruth
Markowitz, Plaintiffs-Appellants,
v.
The UNITED STATES of America, Defendant,
and
The State of Arizona, Defendant-Appellee.
 No. 79-3405.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 11, 1981.
Decided July 6, 1981.
 
 Evan I. Ginsburg, Great Neck, N. Y., for plaintiffs-appellants.
 John C. Gemmill, Phoenix, Ariz., for defendant-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before GOODWIN and SNEED, Circuit Judges, and HALBERT*, District Judge.
 PER CURIAM:
 
 
 1
 Appellant Ruth Markowitz, individually, and as next friend and mother of David L. Markowitz, a minor, sued the United States and the State of Arizona in federal court to recover money damages for the injury suffered by David as a result of a dive into a body of water in Lake Havasu State Park in Lake Havasu, Arizona. The claim against the United States is based upon the Federal Tort Claims Act and is not at issue here. The district court dismissed the action as against the State of Arizona on the ground that it was barred by the Eleventh Amendment. Rule 54(b), Fed.R.Civ.P., certification of this action was given and this appeal followed. We affirm.
 
 
 2
 The appellants argue that Arizona has waived its Eleventh Amendment immunity from suit in a federal court. To support this contention appellants note that Ariz.Rev.Stat.Ann. § 12-821, which authorizes tort and contract suits against the state, does not explicitly require that these suits be bought in state courts as did the 1913 version of the statute. The appellants also rely on the abolition of sovereign immunity from tort claims accomplished by the Arizona Supreme Court in Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963). Finally, to avoid the importance attached by Edelman v. Jordan, 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974), to whether the damages will be paid from state funds, the appellants argue that any damages recovered by them will come from insurance carriers rather than the State of Arizona.
 
 
 3
 We are not persuaded. The circumstances and authorities on which appellants rely neither singly nor in combination amount to the clear and express waiver of Eleventh Amendment immunity required by Edelman v. Jordan, id. at 673, 94 S.Ct. at 1360. To hold otherwise would be inconsistent with our decision in Riggle v. California, 577 F.2d 579 (9th Cir. 1978). The source of any damages to which the appellant might become entitled would be state funds even if paid by an insurance carrier. Such carriers would pay only because of premiums paid by the state. The Eleventh Amendment immunity should not be made to turn on whether or not the state is a self-insurer.
 
 
 4
 Affirmed.
 
 
 
 *
 Honorable Sherrill Halbert, Senior United States District Judge for the Eastern District of California, sitting by designation