803 F.2d 1181
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leroy JONES, Plaintiff-Appellant,
v.
Howard LYLES, Warden; Lucille Bagley; Classification Board
of the Maryland Penitentiary, are sued
individually and in their official and
representative capacities,
Defendants-Appellees.
 No. 86-7196.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1986.
Decided Oct. 27, 1986.
 
 Leroy Jones, appellant pro se.
 Stephen Howard Sachs, Stephanie Judith Lane, Office of the Attorney General of Maryland, for appellees.
 D.Md.
 AFFIRMED.
 Before HALL, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Leroy Jones, a Maryland inmate, appeals the district court's order granting summary judgment for defendant Lyles and dismissing the complaint as against defendant Bagley in this civil rights case.[1] The district court referred Jones' complaint to a magistrate pursuant to Local Rule 80. Upon consideration of defendant Lyles' motion to dismiss or in the alternative for summary judgment, and after affording Jones an opportunity to respond, the magistrate filed a report recommending that the district court grant summary judgment for defendant Lyles and dismiss the complaint as against defendant Bagley. The magistrate notified Jones that he had a right to file objections to the report, and that any objections had to be made within the ten-day period provided by Fed.R.Civ.P. 72. Jones failed to file objections within the specified period, and the district court adopted the magistrate's recommendations without modification. This appeal followed.
 
 
 2
 This Court has held that the failure to file timely objections to a magistrate's report waives appellate review of the substance of that report where the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841 (4th Cir.1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984), cert. denied, --- U.S. ----, 54 U.S.L.W. 3392 (Dec. 9, 1985). The use of this procedure was recently upheld by the Supreme Court in Thomas v. Arn, --- U.S. ----, 54 U.S.L.W. 4032 (Dec. 4, 1985). As Jones was properly warned, and yet failed to file objections, he has waived his right to appellate review.
 
 
 3
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the district court's judgment.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Ordinarily, we would dismiss this appeal under 28 U.S.C. Sec. 1291 and Fed.R.Civ.P. 54(b) because the district court in its order failed to direct the entry of final judgment as to the defendant Classification Board. In this case, however, the magistrate fully disposed of all the claims that Jones had against the Classification Board. The Court concludes that "as a practical matter, the district court's order was a final judgment, ... and that accordingly, we may entertain jurisdiction of this appeal." Lockwood v. Wolf, 629 F.2d 603, 608 (9th Cir.1980) (quoting Riggle v. California, 577 F.2d 579, 581 n. A (9th Cir.1978)). See also In re Chicken Antitrust Litigation American Poultry, 669 F.2d 228, 238 (5th Cir.1982)