955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred BANKS, Plaintiff-Appellant,
v.
MARSHAL DEPARTMENT; County of San Diego, Defendants-Appellees.
 No. 91-55319.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992**
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Banks appeals pro se the district court's dismissal of his civil rights and tort action against the County of San Diego and the Marshal Department ("Department"). Banks contends that officers from the Department harassed him by serving subpoenas and summonses at his business, and that the Marshal discriminated against Banks based on his race. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review a dismissal for failure to state a claim pursuant to Rule 12(b)(6) de novo. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id. In civil rights cases, where the petitioner is pro se, the court has an obligation to construe the pleadings liberally and to afford the petitioner any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985).
 
 II
 Merits
 
 5
 A. Civil Rights Action Under 42 U.S.C. § 1983
 
 
 6
 "Municipal liability is incurred under section 1983 only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury...." Davis v. Mason County, 927 F.2d 1473, 1480 (9th Cir.) (quotation omitted), cert. denied, 112 S.Ct. 275 (1991). "[A] municipality cannot be held liable on a respondeat superior theory." Id.
 
 
 7
 Here, Banks made a blanket assertion that the Marshal discriminated against him based on his race. Banks did not identify a policy or custom promulgated by the Marshal which was responsible for Banks' alleged injury. Further, the Marshal cannot be vicariously liable for the actions of its employees. See Davis, 927 F.2d at 1480. Thus, the district court properly dismissed Banks' civil rights action.
 
 B. Tort Action
 
 8
 Under the California Tort Claims Act, Cal.Gov't Code §§ 810 et seq., a public entity is immune from tort liability, except as otherwise provided for by statute. Cal.Gov't Code § 815(a); see Riggle v. California, 577 F.2d 579, 585 (9th Cir.1978). "Thus, for example, while California Gov't Code § 945 provides that '[a] public entity may sue and be sued,' some other statute must be found which imposes substantive liability." Riggle, 577 F.2d at 585. A public entity is liable for an injury resulting from an employee's act within the scope of his or her employment if "the act or omission would, apart from this section, have given rise to a cause of action against that employee...." Cal.Gov't Code § 815.2(a).
 
 
 9
 Here, Banks' tort action was against the County of San Diego and the county Marshal Department, two "public" entities as defined by California law.[1] Banks alleged that the Department inflicted emotional harm upon him by "wrongfully deliver[ing] subpoenas and summons[es] addressed to plaintiff and to his business." He alleges that a marshal entered his business and asked Banks' employee for identification and that the marshal coerced the employee to accept the subpoena and summonses. Banks alleged that the marshal's conduct was motivated by racial bias. He claims that he suffered emotional distress, loss of business and loss of time as a result of the marshal's conduct.
 
 
 10
 Construing Banks' complaint liberally and taking all allegations of material fact as true, Banks fails to raise a cognizable cause of action under the California Tort Claims Act. No California statute imposes substantive liability based on how a marshal serves process. Banks' reliance on Cal.Gov't Code §§ 26660, 26663 & 26665 is misplaced because those provisions set forth the general duties to serve process and to return notice of service to the requesting party. These provisions are not applicable here. See e.g., Cal.Gov't Code § 26663.
 
 
 11
 Therefore, the district court properly dismissed Banks' tort claim for lack of jurisdiction based on sovereign immunity. See Cal.Gov't Code § 815(a).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Public entity" includes a county, public authority and public agency. Cal.Gov't Code § 811.2