Camiel **MOHAMMED**, Plaintiff,

v.

**D.H. FARNEY, et al., Defendants.**

**No. 91 Civ. 8496 (PNL).**

United States District Court, S.D. New York.

Sept. 30, 1993.

---

Richard Tanner, Upper Montclair, NJ, for plaintiff.

Grace Brannigan, Asst. Atty. Gen., New York City, for defendants.

*OPINION AND ORDER*

LEVAL, District Judge.

Defendant James Clarke moves for summary judgment dismissing the complaint as to himself only.

## Background

Plaintiff sues for damages for severe physical injuries, including the loss of a leg, suffered when he was struck by a car while performing work on the Van Wyck Expressway under a contract between his employer and the State of New York. The contract was to install a barrier and netting under an overpass. This work necessitated closing off two lanes of the Van Wyck, and plaintiff was engaged in that portion of the job when he was struck by the car. Defendant Clarke is an employee of the New York State Department of Transportation and was working at the site as the Senior Engineering Technician, responsible for ensuring that the lane closing was performed safely. Plaintiff sues Clarke both individually, (Pl. Oppos. Mem. at 9) and as "an agent, servant or employee of the State of New York." (Complaint p. 2 ¶ 4.) He claims that Clarke was careless, reckless and negligent in permitting the creation of a dangerous work area.

Clarke contends that the suit against him is barred by the Eleventh Amendment, and that in addition, the suit states no cause of action against Clarke because Clarke owed no duty to the plaintiff.

## Discussion

### A. *Eleventh Amendment and Sovereign Immunity*

#### 1. *Clarke in his official capacity*

 Mohammed sues Clarke both in Clarke's official capacity and his personal or individual capacity. A suit against an employee in his official capacity is one that, although designated as asserting the liability of the state employee, in fact seeks through such a judgment to compel payment of damages from the State's treasury. *Farid v. Smith*, 850 F.2d 917, 921 (2d Cir.1988). Such a suit *in federal court* is barred by the Eleventh Amendment because, regardless of the names in the caption, the State is the real party in interest in the suit.

> [T]he nature of a suit as one against the state is to be determined by the essential nature and effect of the proceeding. And when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

*Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 462, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945); *see also Edelman v. Jordan*, 415 U.S. 651, 662–64, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974); *Farid v. Smith*, 850 F.2d 917, 921 (2d Cir.1988). When a suit "seek[s] to impose a liability which must be paid from public funds in the state treasury," *Edelman*, 415 U.S. at 664, 94 S.Ct. at 1356, then the state is the real party in interest and the suit is barred by the Eleventh Amendment.

 To the extent that Mohammed brings this action against Clarke as an "agent, servant or employee of the State of New York," so that the State would be liable for a judgment against Clarke, the State is the real party in interest and the action is barred in this forum by the Eleventh Amendment. *Edelman*, 415 U.S. at 662–64, 94 S.Ct. at 1355–56; *Farid*, 850 F.2d at 921.

 Plaintiff argues, without citing any authority, that the Eleventh Amendment is not a barrier to his suit because private insurance carried by the State, rather than the State's treasury, would pay any judgment against Clarke. (Def. Oppos. Brief at 10.) This argument has been considered and rejected by several courts for two reasons. First, a waiver of sovereign immunity must be clear and express, *Edelman*, 415 U.S. at 671–72, 94 S.Ct. at 1360–61, and a state's purchase of insurance does not meet that test. *Markowitz v. United States and State of Arizona*, 650 F.2d 205, 206 (9th Cir.1981). Second, payments made by insurance companies ultimately come from policyholders' premiums; thus a judgment would in fact be funded from the state treasury. *Id.; Plaintiffs' Steering Comm. v. Tourism Co. of Puerto Rico*, 888 F.2d 940, 945 (1st Cir.1989);

106

see also Cannon v. University of Health Sciences/The Chicago Med. Sch., 710 F.2d 351, 357 (7th Cir.1983).

I agree with these authorities that the State has not waived its Eleventh Amendment privilege by purchasing liability insurance. To the extent that plaintiff's suit seeks compensation in federal court from state funds (including funds provided by the State's insurance policies) by reason of Clarke's actions, the action is barred, and summary judgment must be granted dismissing the action against Clarke in his official capacity, although without prejudice to its reassertion in a proper forum.[1]

2. *Clarke in his individual or personal capacity*

The complaint asserts a claim against Clarke in his individual capacity as well. The Eleventh Amendment does not bar a suit in federal court for damages against an individual merely because he is an employee of the state. Nor does the fact that the State may have voluntarily chosen to indemnify him prevent the action from proceeding against such an individual. *Farid,* 850 F.2d at 923 ("[A] state's voluntary decision to indemnify its public servants does not transform a personal-capacity action against a state official into an official-capacity action against the state."). Clarke's motion for summary judgment is denied insofar as the action is directed against him personally.

B. *Failure to state a claim*

Clarke finally contends that the complaint states no cause of action against him because as the State's engineer at the construction site, he owed no duty to ensure a worker's safety. It is true that in the cases cited by Clarke, courts studied relevant employment contracts and concluded that the duties of certain engineers at construction sites did not extend to ensuring the safety of a contractor's employees. *See, e.g., Ramos v. Shumavon,* 21 A.D.2d 4, 247 N.Y.S.2d 699, 702 (1st Dep't 1964), *aff'd,* 15 N.Y.2d 610, 255 N.Y.S.2d 658, 203 N.E.2d 912 (1964); *Conti v. Pettibone Co., Inc.,* 111 Misc.2d 772, 445

N.Y.S.2d 943, 945–46 (Sup.Ct.N.Y.Co.1981) (engineer hired to ensure compliance with construction plans and specifications has no liability for worker's injury absent active malfeasance or clear contractual duty). However, those cases have no application here. Clarke, by his own admission, was responsible for ensuring a safe routing of traffic passing the construction site. (Dep. at 42, 44.) The complaint alleges that Clarke's negligence in performing this duty caused the injury. Clarke has failed to show that he owed no duty of care to the construction workers. This motion must be denied.

*Conclusion*

Defendant James Clarke's motion for summary judgment as to himself is granted only to the extent that plaintiff asserts liability against Clarke in his official capacity—seeking relief against the State of New York or its insurers. To this extent, the action is dismissed without prejudice to plaintiff's right to bring suit in the appropriate court. Defendant's motion is denied to the extent that plaintiff seeks relief against Clarke personally.

SO ORDERED.

---

1. The State has waived sovereign immunity to suits brought in its Court of Claims, and plaintiff may bring his suit there. N.Y. Court of Claims Act § 8 (McKinney 1989).