Courtney L. TAYLOR, Plaintiff,

v.

DEPARTMENT OF FISH AND GAME OF the STATE OF MONTANA,* Robert F. Wambach, the Department of Administration (Public Employees' Retirement Division), Lawrence P. Nachtsheim, Defendants.

No. CV 80–7–M.

United States District Court,
D.Montana,
Missoula Division.

Oct. 7, 1981.

John C. Doyle, Hamilton, Mont., for plaintiff.

* On March 22, 1979, the name of the Department of Fish and Game was changed to "Department of Fish, Wildlife, and Parks."

F. Woodside Wright, Helena, Mont., for Fish, Wildlife & Parks.

J. Michael Young, Helena, Mont., for P.E.R.D. and Nachtsheim.

OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Defendants have moved for a reconsideration of the court's action in denying defendants' motion for summary judgment. In considering the motion for summary judgment, the court has relied on the agreed statement of facts upon the basis of which both plaintiff and defendants moved for a summary judgment. A state game warden was retired under MCA § 19–8–601(2) (1979), which mandates retirement at age 60 regardless of physical condition. I previously thought that the validity of the retirement law might depend upon whether the classification of persons over 60 was a reasonable classification under the terms of the Age Discrimination in Employment Act (ADEA). Now I conclude that the court cannot reach that problem.

■ It seems clear that Congress, in the exercise of its power under the Commerce Clause, may not regulate the working conditions of state employees engaged in purely governmental functions. *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). In *EEOC v. Wyoming*, 514 F.Supp. 595 (D.Wyo.1981), the court held that the ADEA was enacted under the Commerce Clause rather than the 14th amendment and that game wardens in Wyoming could not be protected by the ADEA. The Wyoming court acted after the decision in *Pennhurst State School & Hospital v. Halderman*, —— U.S. ——, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981). In *Pennhurst* it was said that the courts "should not quickly attribute to Congress an unstated intent to act under its authority to enforce the Fourteenth Amendment." Id. at 1539.

In *Arritt v. Grisell*, 567 F.2d 1267 (4th Cir. 1977), which was decided prior to *Pennhurst*, the Court of Appeals reached a contrary conclusion. I follow *EEOC v. Wyoming* and conclude that the 1974 amendments [1] to the Fair Labor Standards Act were not within the authority granted to Congress by the Commerce Clause.[2]

IT IS THEREFORE ORDERED that judgment be entered for the defendants denying the plaintiff all relief.

---

1. 29 U.S.C. § 203(e)(2)(C).  2. U.S.Const. art. 1, § 8, cl. 3.