661 F.2d 756
 1 Ed. Law Rep. 37
 The STATE OF MONTANA; The Board of Public Education and its
members, Petitioners-Appellants,
v.
Michael PERETTI; Henry Hodnik; Rod Utigard; Carter Jensen;
Michael Devoe; Steven Rezin; Robert Rasmussen; Fred
Wittlake; James Bowman; Ernest Nevin; Paul Ward; Doug Kobs;
Rick Berg; Tim Clark; and Ron Winterroud, Respondents-Appellees.
 No. 79-7171.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 8, 1980.
Decided Nov. 16, 1981.
 
 John P. Atkins, Bozeman, Mont., for petitioners-appellants.
 Richard Ranney, Missoula, Mont., for respondents-appellees.
 Appeal from the United States District Court for the District of Montana.
 Before CHOY, KENNEDY and REINHARDT, Circuit Judges.
 PER CURIAM:
 
 
 1
 The State of Montana appeals from a judgment that it violated the due process rights of students at a state institution when it terminated the program in which they were enrolled without giving them a chance to finish their course of study. Because we find that the eleventh amendment precluded district court jurisdiction over this suit against the state, we reverse.
 
 I. Facts
 
 2
 In 1976, appellees (students) enrolled in the Aviation Technology Program offered at the Missoula Technical Center, one of five vocational-technical centers operated by the State of Montana. The program was designed and advertised as a two-year, six-quarter course of study which would qualify the students for employment as commercial pilots and certified flight and ground instructors. All the students completed the first year of the program, but were informed in June 1977 that the program would be discontinued and that therefore they would be unable to complete the second year of training. Because the program had been designed as an integrated six-quarter course of study, the students received no discrete credits which could readily be transferred.
 
 
 3
 Termination of the program was caused by the Montana legislature's cutback in funding for the vocational-technical system. The 1977 legislature enacted a biennial appropriation bill for the system totalling $7,042,721, a reduction of $819,388 from the 1975 biennial appropriation. Faced with the necessity of reducing outlays, the State Board of Public Education reduced offerings at each of the five vocational-technical centers. After studying alternatives, they chose to eliminate the Aviation Technology Program because it had the highest cost per student of any of the programs then being offered at the Missoula Technical Center.
 
 
 4
 The students sought damages from the state and various educational entities and their members in federal district court, alleging that the termination of the program constituted a violation of their rights to equal protection and due process. The district court found that the state had contracted with the students to provide them with two years of instruction and that termination of the program constituted a breach of that contract. Peretti v. Montana, 464 F.Supp. 784, 786-87 (D.Mont.1979). The court then ruled that the breach of contract violated the students' due process rights. Id. at 787-88. The eleventh amendment did not preclude the suit, according to the court, because a state constitutional provision which authorized suits against the state for "injury to a person or property" waived Montana's governmental immunity for purposes of the suit. Id. at 788. The court dismissed the action as to all of the defendants except the state and the Board of Public Education and certified the issue of liability for immediate appeal. Id.
 
 II. Discussion
 
 5
 The eleventh amendment to the United States Constitution explicitly withholds from the United States courts jurisdiction over suits against a state brought by citizens of another state or by citizens or subjects of another country. Although the amendment does not expressly prohibit suits brought against a state by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). The eleventh amendment applies even though members of the State Board of Public Education are included as defendants because the students seek to impose a liability which ultimately must be paid from state funds. See id. at 663, 94 S.Ct. at 1355. Therefore, in the absence of a waiver of eleventh amendment immunity by Montana, district court jurisdiction over the case was foreclosed.
 
 
 6
 The district court found such a waiver in a provision of the Montana Constitution which states that: "The state, counties, cities, towns, and all other local governmental entities shall have no immunity from suit for injury to a person or property ...." Mont.Const. art. 2, § 18. The district court, having previously found that the state had breached an implied contract with the students and thereby violated a property right, found that the state action constituted an "injury to property" within the scope of the waiver. 464 F.Supp. at 788. It therefore concluded that the eleventh amendment was no bar to the suit. We disagree.
 
 
 7
 A state may waive suit in its own courts without thereby waiving its eleventh amendment immunity from suit in federal courts. Kennecott Copper Corp. v. Tax Comm'n, 327 U.S. 573, 577-80, 66 S.Ct. 745, 747-48, 90 L.Ed. 862 (1946); Riggle v. California, 577 F.2d 579, 585 (9th Cir. 1978). Even assuming that the district court was correct in finding that the constitutional waiver extended to breaches of contract, a dubious assumption, the waiver does not explicitly extend to suits in federal court. See Florida Dept. of Health v. Florida Nursing Home Ass'n, --- U.S. ----, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981). "In deciding whether a state has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from text as (will) leave no room for any other reasonable construction.' " Edelman v. Jordan, 415 U.S. at 673, 94 S.Ct. at 1360-61, quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909). The language of article 2, section 18, of the Montana Constitution does not meet that standard.
 
 
 8
 The district court indicated an alternate basis for its conclusion in a Montana statute which provides that the state shall be liable on its contracts "to the same extent as a private individual under like circumstances" (except for interest and punitive damages). Mont.Rev.Codes Ann. § 18-1-404. See 464 F.Supp. at 788 n.3. That conclusion cannot be supported in the face of the jurisdictional provision in the same statutory section which grants Montana state district courts exclusive jurisdiction over "any claim or dispute arising out of any express contract entered into" by the State of Montana or its agents. Mont.Rev.Codes Ann. § 18-1-401. Even though the contract here at issue was implied, and not express, the statutory scheme indicates a legislative concern that contractual suits against the state be heard only in state courts. The statute clearly did not waive eleventh amendment immunity.
 
 
 9
 We do not reach the merits of the district court's holding that the termination of the program denied students a due process right. Because Montana did not consent to suit in federal court, the eleventh amendment precluded district court jurisdiction over the suit.
 
 
 10
 REVERSED.