Miriam KENNY, Plaintiff,

v.

**BOARD OF TRUSTEES OF VALLEY COUNTY SCHOOL DISTRICT NUMBERS 1 AND 1A, Defendant.**

**No. CV–81–148–GF.**

United States District Court,
D. Montana,
Great Falls Division.

April 11, 1983.

See also, D.C., 543 F.Supp. 1194.

---

John Albrecht, Choteau, Mont., for plaintiff.

Chadwick H. Smith, Helena, Mont., for defendant.

## MEMORANDUM OPINION AND ORDER

HATFIELD, District Judge.

The plaintiff, a school teacher formerly employed by the defendant school board, initiated the present action to obtain injunctive, declaratory, and monetary relief for her alleged forced retirement. The matter is now before the court upon motion of the defendant school board requesting the court to enter partial summary judgment in its favor with respect to plaintiff's claim for monetary relief.

The suit is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., with jurisdiction predicated on 28 U.S.C. § 1331.

The school board previously sought dismissal of the present action upon the ground that the ADEA, as applied to state school boards, violated the Tenth Amendment to the Constitution of the United

States. The school board's argument was premised on the assertion that the Supreme Court's decision in *National League of Cities, et al. v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), invalidated the 1974 amendments to § 11(b) of ADEA,[1] which extended the coverage of the ADEA to include state and local government employers.[2] This court rejected that contention.[3]

Its Tenth Amendment claim laid to rest, the school board, regrouped and bearing the Eleventh Amendment as its standard, once again assails the constitutional propriety of the plaintiff's action under the ADEA. The school board now asserts that the ADEA, although found by this court to have been legitimately enacted pursuant to the power vested in Congress, is rendered unenforceable by the Eleventh Amendment. Restated, the defendant school board contends that even though it has been found to be amenable to suit under the ADEA, that fact does not automatically dispose of the Eleventh Amendment proscription prohibiting claims for monetary damages from being pursued against it in a federal court. Where, as here, the liability for back wages and benefits under an act of Congress must ultimately be paid from public funds in the state treasury, the school board contends the Eleventh Amendment may serve as a bar.

Under the Eleventh Amendment, suit by a private party seeking to impose liability for monetary damages which must be paid from public funds in the state treasury is barred from being prosecuted in the federal courts. *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Although Congress, pursuant to the powers vested in it by the Constitution, legitimately enacts legislation establishing the right of private parties to pursue an action against the states, the Eleventh Amendment limits the power of the federal judiciary to enforce such an action. The limitation imposed is that the federal judiciary may not award monetary damages which will be paid from public funds in a state treasury. An award of monetary damages against a state is proper only where the state has waived its immunity under the Eleventh Amendment. Accordingly, whenever the constitutional propriety of an action initiated against a state pursuant to an act of Congress is challenged, a federal court must consider two distinct questions: (1) whether Congress has effectively lifted the state's protective veil of sovereign immunity, and (2) whether the federal judiciary could enforce, against a state, rights created under the Act. *See,*

1. 29 U.S.C. § 630(b).

2. *National League of Cities* held that the extension of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") to state and local government employees engaged in areas of traditional governmental functions was invalid as an impermissible exercise of the power of Congress under the Commerce Clause. The Court reasoned that the extension of the FLSA's minimum wage and overtime standards to the states and their political subdivisions transgressed the limits imposed by the Tenth Amendment on Congress' exercise of the powers granted it by the Commerce Clause. The defendants' motion to dismiss in the present case was predicated on the assertion that the 1974 amendment to the ADEA, extending coverage of that Act to the states and their political subdivisions, was likewise invalid, having been enacted pursuant to the authority vested in Congress by the Commerce Clause.

3. Applying the rationale espoused by the Supreme Court in *Hodel v. Virginia Mining & Reclamation Ass'n.,* 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981) with respect to the propriety of Tenth Amendment claims bottomed on the reasoning of *National League of Cities,* this court concluded that the application of the ADEA to state schools did not: (1) infringe on an indisputable attribute of state sovereignty, or (2) impair the state's ability to structure integral operations in an area of traditional government function. *Kenny v. Board of Trustees of Valley County School District Nos. 1 and 1a,* 543 F.Supp. 1194 (D.Mont.1982). The recent United States Supreme Court decision in *Equal Employment Opportunity Commission v. Wyoming, et al.,* — U.S. —, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983), affirms this court's rationale with respect to its rejection of the defendants' Tenth Amendment challenge to the validity of the ADEA.

*Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare,* 411 U.S. 279, 296, 93 S.Ct. 1614, 1623, 36 L.Ed.2d 251 (1973). (Marshall, J., concurring.)

The former question requires an inquiry as to whether the authorization by Congress is violative of the Tenth Amendment. The latter question requires an inquiry as to whether the Eleventh Amendment prohibits the federal judiciary from awarding monetary damages against the state in such an action. Having previously concluded in the present case that the ADEA, as applied to the defendant school board, was not violative of the Tenth Amendment, the issue now before the court is whether it is precluded, by the Eleventh Amendment, from awarding the plaintiff retroactive monetary relief against the defendant school board. Review of the pertinent law convinces the court that the proscription of the Eleventh Amendment does not immunize the defendant school board from liability for an award of retroactive monetary relief.

■ When presented with the issue of whether the Eleventh Amendment immunizes a particular local governmental entity from suit in federal court, a federal court must undertake a two step analysis. *See, e.g., Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). First, the court must determine whether the governmental entity is an arm or "alter ego" of the state in which it is found, and therefore entitled to the immunity provided states by the Eleventh Amendment. Second, assuming the court concludes the governmental entity does fall within the purview of the Eleventh Amendment, it must next determine whether or not that particular state has waived its Eleventh Amendment immunity.

■ The court begins the first step of its analysis cognizant of the fact that the immunity provided the states by the Eleventh Amendment does not extend to counties and similar municipal corporations. *See, Lincoln County v. Luning,* 133 U.S. 529, 530, 10 S.Ct. 363, 33 L.Ed. 766 (1890); *Moor v. County of Alameda,* 411 U.S. 693,

717–721, 93 S.Ct. 1785, 1799–1801, 36 L.Ed.2d 596 (1973); *Mt. Healthy City Board of Education v. Doyle, supra,* 429 U.S. at 280, 97 S.Ct. at 572. The determinative inquiry here is whether the defendant school board is the "alter ego" of the State of Montana partaking of that state's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend. The answer is found, at least in part, through reference to state law. *Mt. Healthy City Board of Education,* 429 U.S. at 280, 97 S.Ct. at 572; *Hutchison v. Lake Oswego School District No. 7,* 519 F.2d 961 (9th Cir.1975); *Unified School District No. 480 v. Epperson,* 551 F.2d 254 (10th Cir. 1977).

■ The factors to be considered in determining whether a particular entity is the "alter ego" of the state for Eleventh Amendment purposes are: (1) whether under state law the entity is recognized as a "political subdivision" or an arm of the state; (2) the degree of autonomy enjoyed by the entity; and (3) the extent to which the entity is financed independently of the state treasury. *See, Mt. Healthy City Board of Ed.,* 429 U.S. at 280, 97 S.Ct. at 572; *Hutchison v. Lake Oswego School Dist. No. 7,* 519 F.2d at 966.

■ Under Montana law, the "state" does not include "political subdivisions", and "political subdivisions" does include local school districts. § 2–9–101, Montana Code Annotated (1979). The governing bodies of the local school districts, the local school boards, are subject to guidance from the Board of Public Education, § 20–2–121 M.C.A. (1979), and may receive a significant amount of financial aid from the State, Title 20, Chapter 9, Part 3, M.C.A. (1979). Nonetheless, the local school boards are basically autonomous entities, possessing the power, within certain restrictions of state law, to issue bonds, § 20–9–403 M.C.A. (1979), and to levy taxes. §§ 20–9–142, 20–9–167, 20–9–353, M.C.A. (1979).

An assessment of these factors leads to the conclusion that a local school board in the State of Montana is properly considered a "political subdivision", not the "alter ego" of the state. Accordingly, a school district does not partake of the immunity provided the State of Montana by the Eleventh Amendment.

Having determined that the defendant school board, as a political subdivision of the State of Montana, is not immune from suit under the Eleventh Amendment, this court need not reach the second step of its analysis, and determine whether the State of Montana has waived its Eleventh Amendment immunity with respect to actions initiated under the authority of the ADEA.

For the reasons set forth herein, IT IS HEREBY ORDERED that the defendant's motion for partial summary judgment be, and the same hereby is, DENIED.