**Glenn D. BLACK, Plaintiff,**

v.

**Alan B. GOODMAN; William J. Tietz; Carrol Krause, Commissioner of Higher Education; Montana State University; and State of Montana, Defendants.**

**No. CV–89–065–BU.**

United States District Court,
D. Montana,
Butte Division.

April 10, 1990.

Douglas D. Harris, Snavely & Phillips, Missoula, Mont., Peter Michael Meloy, The Meloy Law Firm, Helena, Mont., for plaintiff.

LeRoy H. Schramm, Helena, Mont., Dorothy L. Brownlow, Moore Law Firm, Christopher L. Manos, as co-counsel, Bozeman, Mont., for defendants.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

Plaintiff, Glenn D. Black, instituted the above-entitled action seeking compensatory damages for the allegedly wrongful termination of his employment with Montana State University ("MSU"). Black maintains the termination of his employment as a program officer in MSU's Department of Extended Studies and Summer Session was motivated by age and sex discrimination. Black advances claims for relief under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Additionally, Black requests the court to exercise pendent jurisdiction over claims predicated upon the statutory and common law of the State of Montana.

The matter is presently before the court on defendants' motion for summary judgment, pursuant to Fed.R.Civ.P. 56. Defendants maintain, *inter alia*, the eleventh amendment to the United States Constitution precludes this court from exercising jurisdiction over Black's section 1983 claim, as well as his pendent state claims. Having considered the merits of the arguments

advanced by the parties in support of their respective positions, the court is prepared to rule.

## DISCUSSION

The United States Supreme Court has treated the eleventh amendment as an affirmation of the sovereign immunity of the states and has interpreted it to prohibit a federal court action against a state by its own citizens as well as by citizens of other states. *Freeman v. Michigan Dept. of State*, 808 F.2d 1174, 1177 (6th Cir.1987). Consequently, it is beyond dispute that, under the eleventh amendment, a state and its agencies shall be immune from suit in federal court unless the state consents to such suit or Congress expressly abrogates the states' eleventh amendment immunity.[1] *Parents For Quality Education v. Ft. Wayne Comm. Schools*, 662 F.Supp. 1475, 1479 (N.D.Ind.1987) (citations omitted).

█ When presented with the issue of whether the eleventh amendment immunizes a particular governmental entity from suit in federal court, a federal court must undertake a two step analysis. First, the court must determine whether the governmental entity is an arm or "alter ego" of the state in which it is found and, therefore, entitled to the immunity provided states by the eleventh amendment. Second, assuming the court concludes the governmental entity does fall within the purview of the eleventh amendment, it must next determine whether that particular state has waived its eleventh amendment immunity or whether Congress has expressly abrogated the states' collective eleventh amendment immunity. *See, e.g., Kenny v. Board of Trustees of Valley City School District*, 563 F.Supp. 95, 98 (D.Mont.1983); *Ft. Wayne Comm. Schools, supra*, 662 F.Supp. at 1479.

### A. Federal Claims

█ In the case *sub judice*, the court begins its analysis cognizant of the fact Black does not dispute that MSU is a state instrumentality entitled to the immunity afforded by the Eleventh Amendment. *See,* Mont.Code Ann. § 2-9-101(7). Furthermore, it is beyond dispute that defendants William Tietz, the President of MSU, and Carrol Krause, the Commissioner of Higher Education, also fall within the purview of the eleventh amendment.[2] *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S.Ct. 900, 908-09, 79 L.Ed.2d 67 (1984).

█ With that in mind, the court turns to the second step of its analysis, *i.e.*, whether the State of Montana has waived its eleventh amendment immunity with respect to the distinct federal claims advanced by Black. Black maintains article II, section 18 of the 1972 Montana Constitution acts as an express waiver of Montana's eleventh amendment rights with respect to the claims asserted herein. The court disagrees. The decisional law of Montana and this circuit runs contrary to Black's position. *See, State of Montana v. Peretti*, 661 F.2d 756 (9th Cir.1981); *Holladay v. State of Montana*, 506 F.Supp. 1317 (1981).[3]

---

**1.** Congress may abrogate the states' Eleventh Amendment immunity by specifically relying on section five of the Fourteenth Amendment in creating a cause of action against the states. *Freeman, supra*, 808 F.2d at 1177.

**2.** A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. *Will v. Michigan Dept. of State Police,* — U.S. —, —, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989) (Brennan, J., concurring in judgment), *citing, Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). As such, it is no different from a suit against the State itself. *Id., citing, Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3104-05, 87 L.Ed.2d

114 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978).

**3.** In *Holladay*, this court held "[T]he Montana waiver of sovereign immunity [Mont. Const. art. II, § 18] seems to be limited to consent to be sued in state courts and should not be construed as consent to be sued by private citizens in federal courts." 506 F.Supp. at 1321. The Ninth Circuit reached a similar conclusion in *Peretti, supra*, holding the eleventh amendment precluded this court from asserting jurisdiction over an action by students seeking damages from the State of Montana, the Board of Public Education and its members. 661 F.2d at 758.

■ The final inquiry, therefore, is whether Congress, in enacting section 1983, Title VII or the ADEA, expressly abrogated the states' Eleventh Amendment immunity. At the outset, the court notes it is beyond dispute that Congress did not intend to abrogate the states' eleventh amendment immunity when it enacted 42 U.S.C. § 1983. *See, Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Accordingly, Black's section 1983 claims fail as a matter of law as against the State of Montana, MSU, William Tietz and Carrol Krause.[4]

■ A different result obtains, however, with respect to Black's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. In *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the Supreme Court held Congress acted under section 5 of the fourteenth Amendment in enacting the 1972 amendments to Title VII. Consequently, Title VII actions may be brought against states and state instrumentalities such as MSU and, therefore, the eleventh amendment does not preclude this court from addressing Black's Title VII claim.

As to that portion of defendants' summary judgment motion addressing the merits of Black's Title VII claim, the court deems it appropriate to take said motion under advisement until the time of trial.

■ The final issue, which neither side has addressed, is whether the eleventh Amendment prohibits relief against a state under the ADEA. In resolving that issue, the determinitive inquiry is whether the 1974 amendments to the ADEA, which extended the coverage of the ADEA to state and local governments, was a valid exercise

of congressional power pursuant to section five of the fourteenth Amendment.

In *Taylor v. Dept. of Fish and Game,* 523 F.Supp. 514 (D.Mont.1981), this court expressly held the ADEA was enacted under the Commerce Clause rather than the fourteenth amendment. Furthermore, although the Supreme Court has not issued a definitive answer to this precise question, four members of the Court have argued that the ADEA was not—indeed, could not have been—passed pursuant to the fourteenth amendment. *See, Equal Employment Opportunity Commission v. Wyoming,* 460 U.S. 226, 259–63, 103 S.Ct. 1054, 1072–74, 75 L.Ed.2d 18 (1983) (Burger, C.J., joined by Powell, Rehnquist and O'Connor, JJ., dissenting).[5]

After careful consideration, this court, bound by its prior decision in *Taylor, supra,* and absent any controlling decision by the Ninth Circuit Court of Appeals, concludes the ADEA was enacted pursuant to the Commerce Clause and not the fourteenth amendment. *See, Farkas v. New York State Dept. of Health,* 554 F.Supp. 24, 27–8 (N.D.N.Y.1982), *aff'd,* 767 F.2d 907 (2nd Cir.1985), *cert. denied,* 474 U.S. 1033, 106 S.Ct. 596, 88 L.Ed.2d 575 (1985). *See, contra, Ramirez v. Puerto Rico Fire Service,* 715 F.2d 694 (1st Cir.1983); *Heiar v. Crawford County, Wis.,* 746 F.2d 1190 (7th Cir.1984). Congress, in enacting the ADEA, did not abrogate the states' eleventh amendment immunity from suit in federal court and, consequently, the eleventh amendment precludes an award of back pay against a state thereunder. The court will reconsider its position, provided an appropriate showing is made.

4. However, as against Alan Goodman in his individual capacity, Black is free to pursue a claim for damages under section 1983. *Scheuer v. Rhodes,* 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974).

5. In *EEOC v. Wyoming,* the Supreme Court held the extension of the ADEA to cover state and local governments was a valid exercise of Congress' powers under the Commerce Clause and was not precluded by virtue of external constraints imposed on Congress' commerce pow-

ers by the tenth amendment. 460 U.S. at 235–44, 103 S.Ct. at 1059–64. Justice Brennan, writing for the bare majority of five justices, specifically left open whether the result could be reached "as an exercise of Congress' powers under section 5 of the fourteenth amendment." 460 U.S. at 243, 103 S.Ct. at 1064. However, Justice Stevens, concurring, concluded: "In final analysis, we are construing the scope of the power granted to Congress by the Commerce Clause of the Constitution." 460 U.S. at 244, 103 S.Ct. at 1064.

B. *Pendent State Claims*

 The Supreme Court has expressly rejected the notion that the judge-made doctrine of pendent jurisdiction can be utilized to "override" the eleventh amendment. *Pennhurst, supra,* 465 U.S. at 121, 104 S.Ct. at 919. Although claims premised upon the statutory or common law of a state could be filed as "pendent" to claims asserted under Title VII and section 1983, when the federal claim is asserted against a state, the eleventh amendment operates to preclude a federal court from entertaining such pendent claims. *Ft. Wayne Comm. Schools, supra,* 662 F.Supp. at 1481, *citing, Pennhurst, supra,* 465 U.S. at 106, 104 S.Ct. at 911. Accordingly, the court concludes defendants' motion for summary judgment is well taken as to Black's pendent state claims.

CONCLUSION

Therefore, for the reasons set forth herein, the court concludes defendants' motion for summary judgment be, and the same hereby is, GRANTED to the extent set forth above.

IT IS FURTHER ORDERED that plaintiff's motion *in limine* be, and the same hereby is, taken under advisement.