129 F.3d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven J. HENRY; William W. Roche Plaintiffs-Appellants,
v.
STATE of Montana; Charles H. Recht, Attorney; Mike Cooney,
Secretary of State, Defendants-Appellees.
 No. 96-36057.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Montana, No. CV-96-00066-CCL; Charles C. Lovell, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven J. Henry and William W. Roche appeal pro se the district court's dismissal of their 42 U.S.C. § 1983 action against the State of Montana, Secretary of State Mike Cooney, and town attorney Charles H. Recht. Henry and Roche contend that: (1) the town of Darby had no right to arrest, prosecute, and try Henry for driving under the influence because Darby was not an incorporated town according to state law; (2) town officials, such as Recht, had no authority to deny Roche the opportunity to defend Henry; and (3) Recht and Cooney conspired to conceal the non-incorporation status of Darby from plaintiffs. We have jurisdiction pursuant to 28 U.S C. § 1291, and we affirm.
 
 
 3
 We agree with the district court that the Eleventh Amendment precludes subject matter jurisdiction over claims against the State of Montana. See Montana v. Peretti, 661 F.2d 756, 758 (9th Cir.1981) (per curiam). We also agree with the district court that Recht is entitled to absolute immunity because Recht's only action against Henry and Roche was the prosecution of Henry. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Finally, we agree with the district court that Henry and Roche brought their section 1983 claim against Cooney in his official capacity as Secretary of State, and thus, Cooney is entitled to Eleventh Amendment immunity. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir.1996).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3